**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN HARRIS, | No. 10-55528 |
| Plaintiff - Appellant, | D.C. No. 2:98-cv-00892-GAF-AN |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted September 26, 2011[**]
San Francisco, California

Before: HUG, SKOPIL, and BEEZER, Circuit Judges.

Stephen Harris appeals pro se from a judgment by the district court

affirming the administrative law judge's (ALJ's) denial of disability insurance

benefits (DIB) and additional supplemental security income (SSI). We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction over this matter pursuant to 28 U.S.C. § 1291. We review de novo the judgment of a district court upholding an ALJ's denial of benefits to a Social Security claimant. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). We affirm the ALJ's decision if substantial evidence supports his findings and he correctly applied the law. *Id.* The facts of this case are known to the parties. We need not repeat them here.

The ALJ properly concluded that Harris is ineligible for DIB. A disability claimant must prove he was permanently disabled or subject to a condition which became disabling prior to his last insured date. *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). It is undisputed that Harris's last insured date was September 30, 1991. The evidence shows that Harris suffered occasional impairments, but to qualify as a disability an impairment must last at least twelve months. *Barnhart v. Walton*, 535 U.S. 212, 217 (2002). Harris suffered from cellulitis before his last insured date, but the evidence is inadequate to conclude that the impairment lasted twelve months. The last time this injury appears in the record as an ongoing complaint was only six months after its initial diagnosis and was said to be improving. Substantial evidence supports the ALJ's finding that Harris failed to prove that he had a disability prior to his last insured date.

The ALJ also correctly found that Harris did not submit an application for benefits prior to December 1994. The ALJ determined that Harris met the disability requirement for SSI as of his December 1994 application, but Harris argues that he first submitted an application in 1991 and should be awarded SSI from that date. The only evidence in Harris's favor is a putative letter from the SSA that says he initially filed in 1991. The next month, however, an SSA operations supervisor responded to an inquiry about the letter and said that it was issued "without any basis" and that the SSA had no evidence to corroborate an earlier filing. At best these two records create a conflict in the evidence which the ALJ must resolve. *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ noted that a comprehensive search of the archives uncovered no evidence of a filing from before 1994. The only evidence favorable to Harris is directly controverted by the same source, and there is no other evidence of a pre-1994 application. We hold that the ALJ did not err in concluding that Harris submitted his first application in 1994.

Harris briefly argues that he was denied due process, but there is no indication he did not have "the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotation marks omitted). He does not specify how exactly his due process rights

were violated, and the record shows that the various tribunals to hear this action have given him ample opportunity to prove his case.

We have reviewed Harris's remaining contentions, and determine that they lack merit.

AFFIRMED.